UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

KAREEM GOODWINE,
ADLER VILLARSON
AND SHANE WEEKES,

                    Plaintiffs,

  -against-

THE CITY OF NEW YORK, N.Y.C. POLICE
DET. EDWIN SUAREZ, SHIELD # 03799,
AND N.Y.C. POLICE OFFICERS
"JOHN DOE (1) & (2)", EACH BEING
SUED INDIVIDUALLY AND IN
THEIR OFFICIAL CAPACITY,

                    Defendants.

------------------------------------------------------------X

07 CV 3756 (KMK)

VERIFIED COMPLAINT
AND DEMAND FOR
A JURY TRIAL

1. This is an action for compensatory and punitive damages for violation of Plaintiffs' rights under the Fourth and Fourteenth Amendment to the Constitution of the United States, the N.Y. State Constitution, false arrest, malicious prosecution, assault and battery, abuse of process, negligent and intentional infliction of emotional distress, and negligent hiring and/or retention of incompetent, unqualified, unfit and assaultive employees, by reason of the unlawful acts of defendants.

## JURISDICTION

2. This action is brought pursuant to 42 US C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Venue is proper under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

3. Plaintiffs are all African-American residents of New York County, State of New York.

4. At all times hereinafter mentioned, the defendant police officers were

employees of the New York City Police Department ("N.Y.P.D.") acting within the scope and authority of his employment. Each individual defendant is sued individually and in his official capacity as a N.Y.C. Police Officer.

5. The Defendant CITY OF NEW YORK, ("City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the New York City Police Department and employed each individual Defendant sued herein.

6. That upon information and belief the City was responsible for the training of its police officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the N.Y.P.D.

8. That at all times mentioned herein the Defendant, City, knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights, assault, false arrest and malicious prosecution of the Plaintiffs.

FACTS

9. On or about March 24, 2006, at approximately 2:30 P.M., in the vicinity of 168th Street and Webster Avenue, in the Bronx, New York, plaintiffs were driving in two vehicles and decided to meet at a gas station at the above-mentioned intersection in order for Mr. Villarson to give Mr. Goodwine some DVD's that he had produced.

10. At this time, Kareem Goodwine, who is an artist / producer of rap music, was driving his Honda Civic. Shane Weeks was his passenger. Adler Villarson was a passenger in a van driven by a friend, Patrick Destin.

11. The two vehicles pulled into a Hess gas station and Kareem Goodwine got out of his car. Adler Villarson then showed Mr. Goodwine a box containing 100 DVDs.

12. The DVD's in question were legally possessed by plaintiff, contained proprietary material to which plaintiff owned the rights, and his face was on the cover.

13. As Mr. Villarson handed this box to Mr. Goodwine, the defendant officers approached with their guns drawn and told them to "Get the fuck on the floor."

14. Plaintiffs immediately complied.

15. Plaintiffs were handcuffed and both vehicles were searched.

16. The defendant officers, narcotics officers, apparently thought they had witnessed a drug transaction. But, upon their failure to find any illicit drugs, the defendant officers instead decided to charge plaintiffs with alleged possession of illegal DVDs and CD's in violation of Penal Law §275.40.

17. Under Penal Law § 275.40, a person may not "for commercial advantage or private financial gain, knowingly advertise or offer for sale, resale or rental or sold, resold, or rented, or possessed for such purposes a recording the outside cover, box or jacket of which did not clearly and conspicuously disclose the actual name and address of the manufacturer.

18. The truth of the matter is that these DVD's did clearly and conspicuously disclose the appropriate information, and there was no basis whatsoever for the police to think the plaintiffs were attempting to sell these items as the CD's were clearly labeled "For Promotion Only".

19. The police had already placed plaintiffs in handcuffs before they even found the various items which they later alleged to be illegally possessed.

20. During the search of the vehicles, the police found blank checks from Kareem Goodwine's business account "KMG Enterprises". The police questioned him about whether the checks were counterfeit.

21. The police officers in this case made various unwarranted assumptions about plaintiffs, beginning with their belief they were drug dealers and then charging them with violating copyright laws when they found no other evidence of criminality.

22. Plaintiffs were all arrested and spent approximately 24 hours in jail before being released.

23. All of the paperwork prepared regarding these false charges was prepared by defendant officers, and at the time of preparation the defendant officers falsely prepared the documents and included in them material misstatements of fact which he knew to be false. Defendants knew that these documents would be relied on by the District Attorney and the Court during Plaintiffs' prosecution.

24. On or about April 4, 2006, all charges were dismissed.

25. As a result of Plaintiffs' false arrest and incarceration, their civil rights were violated. Each plaintiff suffered degradation, humiliation, loss of reputation and esteem and various other emotional and physical injuries.

26. Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiffs, in its procedures for supervising and removing, when appropriate, unstable and violent police officers from their duties, including but not limited to the fact that Defendants City and/or N.Y.P.D. knew of the individual Defendants' tendencies to make unlawful arrests, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

27. Defendant City and N.Y.P.D. knew or should have known prior to this date these defendant officers were perpetrating unlawful arrests and other injuries to persons in their custody, in that there were reports of such unlawful conduct by these specific officers

28. Defendant City and N.Y.P.D., among other deficiencies, failed to institute a bona fide procedure in which Defendant City and/or N.Y.P.D. investigated the unlawful acts of Defendants or properly investigated reports of their alleged misconduct.

FOR A FIRST
CAUSE OF ACTION
FOR VIOLATION OF CIVIL RIGHTS

29. Plaintiffs reiterate and reallege the facts stated above as if fully stated herein.

30. As a result of their actions, Defendants, individually, and in conspiracy with each other, under "color of law", deprived each plaintiff of his right to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

31. Defendants subjected Plaintiffs to these deprivations of their rights either maliciously or by acting with a reckless disregard for whether Plaintiffs' rights would be violated by their actions.

32. As a direct and proximate result of the acts of Defendants, Plaintiffs suffered physical injuries, endured great pain and mental suffering, and were deprived of their physical liberty.

FOR A SECOND CAUSE OF ACTION
FOR VIOLATION OF CIVIL RIGHTS

33. Plaintiffs reiterate and reallege the facts stated above as if stated fully herein.

34. Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiffs, violating Plaintiffs' rights to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

35. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference, Defendant officers committed the unlawful acts referred to above and thus, Defendant City is liable for Plaintiff's injuries.

### THIRD CAUSE OF ACTION FOR VIOLATION
### OF THEIR RIGHT TO EQUAL PROTECTION UNDER THE LAW

36. Plaintiffs reiterate and reallege the facts stated above as if stated fully herein.

37. Plaintiffs were denied equal protection of the laws as guaranteed by 42 U.S.C. § 1985 in that they were discriminated by based upon their race.

38. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference, Defendant officers committed the unlawful acts referred to above and thus, Defendant City is liable for Plaintiff's injuries.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants violated Plaintiffs' rights under state law, and violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and violated Plaintiff's rights under State law; and,

2. Enter a judgment, jointly and severally, against Defendant officers, and The City of New York for compensatory damages in the amount of Two Million ($2,000,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against Defendant officers and The City of New York for punitive damages in the amount of Four Million ($4,000,000.00) Dollars; and,

4. Enter an Order:

a) Awarding plaintiffs' reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

b) Granting such other and further relief which to the Court seems just and proper.

DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: New York, New York
March 16, 2007

**RESPECTFULLY,**

**STEVEN A. HOFFNER, ESQ.**
Attorney for the Plaintiffs
350 Broadway, Suite 1105
New York, New York 10013
(212) 941-8330
(SH-0585)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

KAREEM GOODWINE,
ADLER VILLARSON
AND SHANE WEEKES,

                                  Plaintiffs,

    -against-

THE CITY OF NEW YORK, N.Y.C. POLICE
DET. EDWIN SUAREZ, SHIELD # 03799,
AND N.Y.C. POLICE OFFICERS
"JOHN DOE (1) & (2)", EACH BEING
SUED INDIVIDUALLY AND IN
THEIR OFFICIAL CAPACITY,

                                  Defendants.

**VERIFIED COMPLAINT
AND DEMAND FOR
A JURY TRIAL**

----------------------------------------------------------------X

Steven Hoffner, Esq.
350 Broadway, Suite 1105
New York, New York 10013
(212) 941-8330
Attorney for Plaintiffs