



| | | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | THE CITY OF NEW YORK **MEMO ENDORSED**<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Sumit Sud<br>*Assistant Corporation Counsel*<br>ssud@law.nyc.gov<br>(212) 788-1096<br>(212) 788-9776 (fax) |

June 14, 2007

**BY HAND DELIVERY**
Honorable Kenneth M. Karas
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

          Re:   Kareem Goodwine et al., v. City of New York et al.
                07 CV 3756 (KMK)

Your Honor,

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the above-referenced matter. I write to respectfully request that defendant City of New York be granted an enlargement of time from the present date until August 13, 2007, to answer or otherwise respond to plaintiffs' complaint. Plaintiffs' counsel Steven Hoffner, Esq., consents to this request.

    There are several reasons for seeking an enlargement of time. In accordance with this office's obligation under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Plaintiffs' allege that, on or about March 24, 2006, while driving in the vicinity of 168th Street and Webster Road in the Bronx, their vehicles were surrounded by various New York City police officers. Plaintiffs maintain that they were ordered to the to the ground, without cause or justification, and falsely arrested for allegedly possessing illegal DVDs in violation of New York Penal Law § 275.40. Plaintiffs also appear to allege that they were maliciously prosecuted insofar as the underlying criminal charges brought against them were dismissed by the District Attorney's Office on or about April 2, 2006. To that end, this office is in the process of forwarding to plaintiffs for execution N.Y.C.P.L §160.50 releases so that we can access the sealed records from their underlying criminal prosecutions, including the Criminal Court file, the District Attorney's files, and even our own police records. To the extent that plaintiffs' complaint can be construed to allege claims of excessive force, this office

is also in the process of forwarding a HIPPA compliant medical releases to plaintiffs so that we can access plaintiffs' medical records.

Further, assuming plaintiffs effected timely service on the individual defendant, the extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent the individually named defendant. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985)) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).

Accordingly, defendant City of New York respectfully requests that its time to respond to the complaint be extended until August 13, 2007. Thank you for your consideration of this request.

Granted.

SO ORDERED

KENNETH M. KARAS U.S.D.J.
6/19/07

Respectfully submitted,

Sumit Sud (SS 2781)
Assistant Corporation Counsel

cc:   Steven A. Hoffner, Esq.
      Attorney for Plaintiffs
      350 Broadway, Suite 1105
      New York, New York 10013 (by fax)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____