UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KAREEM GOODWINE, ADLER VILLARSON, AND
SHANE WEEKS,

                                Plaintiffs,

                    -against-

THE CITY OF NEW YORK, N.Y.C POLICE DET.
EDWIN SUAREZ, SHIELD #03799, AND N.Y.C.
POLICE OFFICERS "JOHN DOE (1) & (2), EASCH
BEING SUED INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITY,

                                Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT**

07 CV 3756 (KMK)

JURY TRIAL DEMANDED

        Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York[1], for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiffs purport to proceed as stated therein.

        2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiffs purport to invoke the jurisdiction of the Court and base venue as stated therein.

        3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

---

[1] Upon information and belief, "N.Y.C. Police Det. Edwin Suarez, Shield #03799," has not yet been served with process in this action.

4. Defendant states that the allegations contained in paragraph "4" of the complaint are conclusions of law rather than averment of fact and accordingly, no response is required.

5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that the City of New York is a municipal corporation incorporated under the laws of the State of New York, and maintains a police department.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admit that the City of New York trains New York City police officers.

7. Denies the allegations set forth in paragraph "7" of the complaint.

8. Denies the allegations set forth in paragraph "8" of the complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Denies the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Denies allegations set forth in paragraph "16" of the complaint.

17. Defendant states that the allegations contained in paragraph "17" of the complaint are not averment of facts and accordingly, no response is required.

18. Denies allegations set forth in paragraph "18" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. In response to paragraph "29" of the complaint, defendant repeats and re-alleges its response to the allegations set forth in paragraphs "1" through "29" as though fully set forth herein.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. In response to paragraph "33" of the complaint, defendant repeats and re-alleges its response to the allegations set forth in paragraphs "1" through "33" as though fully set forth herein.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. In response to paragraph "36" of the complaint, defendant repeats and re-alleges its response to the allegations set forth in paragraphs "1" through "36" as though fully set forth herein.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

1.  The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

2.  Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

3.  At all times relevant to the acts alleged in the complaint, defendant City of New York acted reasonably in the proper and lawful exercise of its discretion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

4.  Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or by the intervening conduct of third parties, and was not the proximate result of any act of the defendant City of New York.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

5.  This action is barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

6.  This action is barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

7.  Plaintiffs have failed to satisfy the conditions precedent to suit.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

8.  At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonable and properly in the lawful exercise of their discretion. Therefore, it is entitled to governmental immunity from liability.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

9.  There was probable cause for the plaintiffs' arrests, detentions and prosecutions.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

10.  Plaintiffs cannot obtain punitive damages as against the City of New York.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

11.  To the extent that plaintiffs are alleging State Law claims, plaintiffs have failed to comply with New York General Municipal Law §50-e and §50-i.

**WHEREFORE,** defendant New York City requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
               August 13, 2007

                                      MICHAEL A. CARDOZO
                                      Corporation Counsel of the
                                         City of New York
                                      Attorney for Defendant City of New York
                                      100 Church Street, Room 3-209
                                      New York, New York 10007
                                      (212) 788-1096

                        By:       _____
                                      Sumit Sud (SS 2781)
                                      Assistant Corporation Counsel

To:    Steven A. Hoffner, Esq.
        Attorney for Plaintiffs
        350 Broadway, Suite 1105
        New York, New York 1105 (ECF)

Index No. 07 CV 3756 (KMK)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| KAREEM GOODWINE, ADLER VILLARSON, AND SHANE WEEKS,<br><br>Plaintiffs,<br><br>-against-<br><br>THE CITY OF NEW YORK, N.Y.C POLICE DET. EDWIN SUAREZ, SHIELD #03799, AND N.Y.C. POLICE OFFICERS "JOHN DOE (1) & (2), EASCH BEING SUED INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY,<br><br>Defendants. |
| **ANSWER** |
| ***MICHAEL A. CARDOZO***<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant City of New York.*<br>*100 Church Street, Room 3-209*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: Sumit Sud*<br>*Tel: (212) 788-1096*<br>*NYCLIS No.* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ....................................., 2007 . . .*<br><br>*.........................................................................Esq.*<br><br>*Attorney for.........................................................* |

1